# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: March 19, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | UNPUBLISHED |
| REBECCA TELL, | * | No. 17-652V |
| | * | Special Master Horner |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Renee Ja Gentry*, The Law Office of Renee J. Gentry, Washington, D.C., for Petitioner.
*Jamica Marie Littles*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 18, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Act, 42 U.S.C. §300aa-10-34 (2018),[2] alleging that she suffered transverse myelitis ("TM") or clinically isolated syndrome ("CIS") that placed her at a higher risk for development of multiple sclerosis ("MS"). (ECF No. 1 ("Petition"); ECF No. 74 ("Stipulation", filed February 6, 2023), ¶ 4.) On February 6, 2023, the parties' filed a joint stipulation which I adopted as my decision awarding compensation on the same day. (ECF No. 75).

On April 6, 2023, petitioner filed an application for attorneys' fees and costs. (ECF No. 80 ("Fees App.").) Petitioner requests total attorneys' fees and costs in the amount of $93,454.88, representing $79,641.55 in attorneys' fees and $13,813.33 in costs. (Fees App.) Pursuant to General Order No. 9, petitioner has indicated that she personally incurred costs in the amount of

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] All references to "§ 300aa" below refer to the relevant section of the Vaccine Act at 42 U.S.C. § 300aa-10-34.

$1,139.94 in pursuit of this litigation. (Fees App., Supporting Documentation, p. 1.)[3] Thereafter, Respondent filed a response requesting "the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." (ECF No. 81 ("Response"), p. 3.)

This matter is now ripe for consideration.

I.  **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin ex rel. Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id* at 897.

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson ex rel. Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *aff'd per curiam*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the

---

[3] The Motion for Attorneys' Fees and Costs in this case was submitted with "supporting documentation." For clarity, I will reference this as part of the Fees App. Supporting Documentation and use the page numbers that are in red at the bottom of the submission.

2

number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

Petitioner requests the following rates of compensation: for Ms. Renee Gentry, $424.00 per hour for work performed in 2017, $435.00 per hour for work performed in 2018, $445.00 per hour for work performed in 2019, $464.00 per hour for work performed in 2020, $489.00 per hour per hour for work performed in 2021, $504.00 per hour for work performed in 2022 and $531.00 per hour for work performed in 2023; for Mr. Clifford Shoemaker, $430.00 per hour for work performed in 2016, $440.00 per hour for work performed in 2017, $450.00 per hour for work performed in 2018, and $460.00 per hour for work performed in 2019; and for Sabrina Knickelbein the rate of $150.00 per hour for all time billed from 2016, 2017, 2018, and 2019. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

First multiple entries regarding communication by Mr. Shoemaker are vague and do not mention the topic of communication. These include entries such as "Email from Julia" dated August 14, 2017, "Email from SM office" dated December 15, 2017, "Email from Renee" March 5, 2018, "Email from Dr. Tornatore" date May 7, 2018, and "Emails to and from Adriana" dated November 20, 2018. (Fees App., Supporting Documentation, pp. 16-19.)

The Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege and billing entries for communication should contain some indication as to the nature and purpose of the communication. *See Avgoustis v. Shinseki*, 639 F.3d 1340, 1343-46 (Fed. Cir. 2011). Mr. Shoemaker has previously been cautioned that his billing entries should contain greater detail. *Oliver ex rel. E.O. v. Sec'y of Health & Human Servs.*, No. 10-394V, 2019 WL 2246727, at *3 (Fed. Cl. Spec. Mstr. Apr. 16, 2019); *Price ex rel. D.P. v. Sec'y of Health & Human Servs.*, No. 11-442V, 2019 WL 1796100, at *2 (Fed. Cl. Spec. Mstr. Mar. 22, 2019); *Prokopeas ex rel. C.A.P. v. Sec'y of Health & Human Servs.,* No. 04-1717V, 2017 WL 6763067, at *3-4 (Fed. Cl. Spec. Mstr. Dec. 5, 2017).

Additionally, a reduction of time is also reasonable for entries billed by Ms. Knickelbein. Her billing entries are mostly comprised of duplicative review of orders and documents which counsel already billed to review. Overall, I find that a five percent reduction is appropriate in order

to achieve "rough justice." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Petitioner is awarded final attorney fees in the amount of $75,659.47.

### c. Attorneys' Costs and Petitioner's Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira ex rel. Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $13,813.33 in attorneys' costs. This amount is comprised of acquisition of medical records, postage, and work performed by petitioner's medical expert, Carlos Tornatore, M.D.[4] (Fees App. Supporting Documentation, pp. 47-48.) These costs have been supported with the necessary documentation and are reasonable.

Additionally, petitioner requests personal costs incurred in the amount of $1,139.94, consisting of the Court's filing fee, expenses regarding travel to meet with expert Dr. Torantore, medical records and postage. (Fees App., Supporting Documentation, p. 2.) The majority of these costs are reasonable. However, I find petitioner's request for reimbursement of an August 10, 2016, meal totaling $315.70 to be unreasonably high. (Fees App., Supporting Documentation, p. 7.) Other special masters have looked to federal per diem rates to determine reasonable meal costs. *E.g.*, *Dayton v. Sec'y of Health & Human Servs.*, No. 15-0589V, 2016 WL 8377512, at *2 (Fed. Cl. Spec. Mstr. Nov. 17, 2016). Applying the application per diem rates for one person in 2016, I will reimburse $69.00 for this dinner resulting in a reduction of $246.70.[5]

## II. Conclusion

In accordance with § 300aa-15(e), I have reviewed the rest the billing records and costs submitted in this case and find that petitioner's request for fees and costs is reasonable. Based on the reasoning included in this decision, I find it reasonable to compensate petitioner and his counsel as follows:

- **A lump sum in the amount of $89,472.80, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's counsel, Ms. Renee J. Gentry; and**

- **A lump sum payment in the amount of $893.24, representing out of pocket costs incurred personally by petitioner, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[6]

---

[4] Dr. Tornatore requests rate of $400.00 per hour for all work performed. This rate has been previously awarded and shall be awarded herein. *See Kelly v. Sec'y of Health & Human Servs.,* 16-878V, 2022 WL 3594383, at *3 (Fed. Cl. Spec. Mstr. July 27, 2022).

[5] *See District of Columbia*, GSA FY 2016 PER DIEM RATES, https://www.federalpay.org/perdiem/2016 (last visited March 19, 2024).

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master